UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LAQUANDRAE JOHN POLEDORE,

      Plaintiff,

    v.                                                            25-CV-6394-MAV
                                                                      ORDER
JOHN/JANE DOE MORNING
WATCH TOWER OFFICER,

      Defendant.

_____

*Pro se* Plaintiff LaQuandrae John Poledore, a prisoner at Cayuga Correctional Facility, initially filed this 42 U.S.C. § 1983 action in the Northern District of New York, seeking relief for injuries he sustained when he was slashed in the face by another inmate at the Orleans Correctional Facility. ECF No. 1. The Court screened Plaintiff's amended complaint, ECF No. 11, and issued an Order allowing Plaintiff's Eighth Amendment failure to protect claim against John/Jane Doe Morning Watch Tower Officer to proceed to service but otherwise dismissing the amended complaint without leave to amend, ECF No. 12.[1]

The only remaining defendant in this action is John/Jane Doe Morning Watch Tower Officer (*i.e.*—the officer(s) responsible for monitoring a walkway at Orleans Correctional Facility on June 4, 2025, at approximately 9:00 a.m. when Plaintiff was assaulted). *See* ECF No. 12 at 7–8. In response to the Court's request pursuant to

---

[1] Plaintiff also requested leave to proceed *in forma pauperis*, ECF No. 2, which was granted on February 2, 2026, ECF No. 6. Once a plaintiff is granted permission to proceed *in forma pauperis*, the responsibility for effecting service of the summons and complaint shifts from the plaintiff to the Court. *See* 28 U.S.C. § 1915(d); *Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996).

*Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the New York State Attorney General's Office was unable to identify the John/Jane Doe officer. ECF No. 13. Assistant Attorney General Ted O'Brien explained, "upon due inquiry, I have been informed by facility staff that there are no watch tower officers that cover the walkways of the facility on June 4, 2025." *Id.*

Plaintiff is now directed to provide, **within 30 days of the date of this Order**, a physical or other description of the John/Jane Doe Morning Watch Tower Officer and any other information that may lead to his or her identification, including but not limited to alternate or additional information about the guard position or post location.

Under *Valentin*, a *pro se* litigant, particularly one who is incarcerated, is entitled to assistance from the district court in identifying an unnamed defendant. *See Johnson v. Rodriquez*, 21-CV-606-JLS, 2023 WL 3194837, at *4 (W.D.N.Y. Apr. 28, 2023). However, "a plaintiff ultimately retains the obligation to provide the necessary information to name or identify the defendant." *Hernandez v. Doe #1*, 17-CV-0151-EAW, 2020 WL 2059737, at *1 (W.D.N.Y. Apr. 29, 2020) (internal quotation marks omitted). The Court "may, after appropriate inquiry, determine 'that the information available is insufficient to identify the defendant with enough specificity to permit service of process, so that dismissal of the complaint is warranted.'" *Id.* (quoting *Valentin*, 121 F.3d at 76).

Plaintiff is cautioned that if the John/Jane Doe Morning Watch Tower Officer cannot be identified after appropriate inquiry, Plaintiff's case will not be able to

2

proceed. *See Young v. New York*, 22-CV-6555-MAV, 2025 WL 1594415, at *1 n.1 (W.D.N.Y. June 5, 2025) (requiring plaintiff to provide additional information about unidentified defendants and warning plaintiff that if John Doe defendants could not be identified timely, plaintiff's case could not proceed against them); *Salaam v. Officer John Doe*, 20-CV-6351-EAW, 2023 WL 9207595, at *2 (W.D.N.Y. Feb. 6, 2023) (dismissing complaint after plaintiff failed to comply with court orders directing him to provide a physical description or other information to permit identification and service of "Officer John Doe" defendant).

SO ORDERED.

Dated: July 10, 2026
Rochester, New York

HON. MEREDITH A. VACCA
United States District Court

3